**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2275-17T1

TARAS SHAFRON,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

Argued April 10, 2019 – Decided April 26, 2019

Before Judges Reisner and Mawla.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. 2-10-2308849.

Samuel J. Halpern argued the cause for appellant.

Christopher Robert Meyer, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Robert Meyer, on the brief).

PER CURIAM

Petitioner Taras Shafron appeals from a December 19, 2017 final decision of the Public Employees' Retirement System Board of Trustees denying his application for accidental disability retirement benefits. After reviewing the record, we conclude that the Board's decision is supported by substantial credible evidence and is consistent with the applicable law. R. 2:11-3(e)(1)(D). We affirm for the reasons stated in the Board's decision. We add the following comments.

Shafron drove an emergency services truck for the Department of Transportation (DOT). He arrived at the DOT parking lot about forty-five minutes before his assigned shift, due to inclement weather. According to Shafron's testimony, as he stepped out of his personal vehicle, he slipped and fell on black ice. Shafron testified that after parking his vehicle, he intended to walk over to his assigned service truck, which was parked a few feet away. He planned to start the truck and check that he had supplies for the day, before heading to the nearby DOT office to check in. However, he never reached either the truck or the DOT office. Instead, as he exited his vehicle, putting one foot on the running board and the other foot on the parking lot surface, he slipped and fell on ice. Relying on Kasper v. Board of Trustees, Teachers' Pension and

Annuity Fund, 164 N.J. 564 (2000), the Board reasoned that petitioner's injury did not arise during and as a result of his regular or assigned duties.

On this appeal, petitioner argues that he is entitled to accidental disability benefits, because his workplace was his service truck, and the accident occurred in the employee parking lot. We cannot agree. Unlike the employee in Kasper, petitioner had not yet reached his workplace when he was injured. See Kasper, 164 N.J. at 588.

After the Board rendered its decision, this court decided Mattia v. Board of Trustees, Police & Firemen's Retirement System, 455 N.J. Super. 217 (App. Div. 2018), which is on point here. In that case, a corrections officer parked his personal vehicle in the employee parking lot, and fell while walking toward the building where he worked. Id. at 219. We held that his injury did not qualify him for accidental disability benefits, because it occurred while he was still commuting to work and before he had begun performing his regular assigned duties. Id. at 223-24. Petitioner's reliance on Bowser v. Board of Trustees, Police & Firemen's Retirement System, 455 N.J. Super. 165 (App. Div. 2018), is misplaced. Unlike Bowser, who went out to the employee parking lot during her regular workday, in order to retrieve feminine hygiene supplies from her car,

3

petitioner had not yet arrived at his assigned work station and had not started working.  Id. at 168-69.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4